**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victor Medina PEREZ, Defendant–
Appellant.**

No. 05–50889.

United States Court of Appeals,
Ninth Circuit.

Submission deferred Dec. 4, 2006.

by 9th Cir. R. 36–3.

Submitted July 26, 2007.*

Filed July 30, 2007.

Becky S. Walker, Esq., Scott M. Garringer, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Victor Medina Perez, Lompoc, CA, pro se.

Michael Schafler, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI and M. SMITH, Circuit Judges.

## MEMORANDUM**

1. Defendant wasn't entitled to a hearing as a matter of due process because an *Ameline* remand requires only that the district court make a subjective determination about what it would have done had it known the Guidelines were advisory. It is therefore not a critical stage in the proceedings. *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). Federal Rule of Criminal Proce-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dure 43 doesn't apply because an *Ameline* remand isn't a "sentencing" proceeding within the meaning of that rule. Fed. R.Crim.P. 43(a)(3).

2. Because the district court only had to make an inquiry about what it would have done "at the time" of the original sentencing, the court didn't have to consider evidence that wasn't in the record at that sentencing. *United States v. Ameline,* 409 F.3d 1073, 1083 (9th Cir.2005) (en banc).

3. The district court's explanation of its decision is materially indistinguishable from that found sufficient in *United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir. 2006).

**AFFIRMED.**

---

* This disposition is not appropriate for publica-

tion and is not precedent except as provided